PEOPLE v HURST

Docket No. 67013. Submitted December 20, 1983, at Detroit.—Decided
    February 8, 1984.

    Defendant, James Hurst, was convicted following a bench trial in
    the Recorder's Court for the City of Detroit of armed robbery
    and first-degree criminal sexual conduct (CSC I). The trial
    court, John Patrick O'Brien, J., sentenced defendant to two 20-
    to 40-year concurrent terms of imprisonment. Defendant ap-
    peals by leave granted alleging that his right to due process
    and equal protection of the law was violated because the prose-
    cutor charged him with CSC I rather than CSC III. *Held:*

    1. CSC III pursuant to § 520d(1)(b) includes two of the same
    elements as a CSC I offense pursuant to § 520b(1)(d)(ii): (1)
    penetration and (2) use of force or coercion. However,
    § 520b(1)(d)(ii) adds another necessary element of proof: that the
    defendant was aided or abetted in the act by one or more
    persons.

    2. The evidence supports a finding that defendant was aided
    and abetted by another and possessed a weapon.

    3. A CSC III violation under § 520d(1)(b) occurred regardless
    of whether the force or coercion occurred by way of an accom-
    plice or by possession of a weapon. However, when the facts of
    a case indicate that those additional elements are present, the
    facts will support a violation of CSC I as well.

    4. The Legislature intended CSC I, § 520b(1), subds (d)(ii) or
    (e), and CSC III, § 520d(1)(b), to be distinct statutory crimes and
    intended CSC I to apply when the perpetrator is aided or
    abetted by another or possesses a weapon.

    5. The prosecution did not abuse its discretion by prosecuting
    defendant as a CSC I offender.

    6. There is no merit to defendant's argument that the prose-
    cutor could have charged him with CSC III pursuant to the
    general aiding and abetting statute.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 65 Am Jur 2d, Rape § 28.
[2] 63 Am Jur 2d, Prosecuting Attorneys § 26.

1. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — THIRD-DE-
   GREE CRIMINAL SEXUAL CONDUCT.
   It is the Legislature's intent that first-degree and third-degree
   criminal sexual conduct be treated as distinct statutory crimes
   and that first-degree criminal sexual conduct is intended to
   apply when the perpetrator is aided or abetted by another or
   possesses a weapon (MCL 750.520b[1], subds [d][ii], [e],
   750.520d[1][b]; MSA 28.788[2][1], subds [d][ii], [e], 28.788[4][1][b]).

2. PROSECUTING ATTORNEYS — CHARGING FUNCTION.
   A prosecutor's discretion in charging a defendant in an action is
   abused in a case where the facts would support a charge under
   either of two statutes and such discretion is applied arbitrarily
   or in a discriminatory fashion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: GRIBBS, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and first-degree criminal sexual conduct (CSC I), MCL 750.520b; MSA 28.788(2), following a bench trial. The trial court sentenced defendant to two 20- to 40-year concurrent terms of imprisonment. Defendant appeals by leave granted.

Defendant's only argument in this appeal is that his CSC I conviction must be reversed because the prosecutor violated his right to due process and equal protection of the law by charging him with CSC I rather than third-degree criminal sexual conduct (CSC III), MCL 750.520d; MSA 28.788(4).

Defendant was originally charged with one count of armed robbery and two counts of CSC I. The people pled the CSC charges in the informa-

tion to be violations of either MCL 750.520b(1), subds (d)(ii) or (e); MSA 28.788(2)(1), subds (d)(ii) or (e). Those provisions state:

"A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

"(d) The actor is aided or abetted by 1 or more other persons and either of the following circumstances exists: * * *

"(ii) The actor uses force or coercion to accomplish the sexual penetration. Force or coercion includes but is not limited to any of the circumstances listed in subdivision (f)(i) to (v).

"(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon."

CSC III also prohibits sexual penetration by use of force or coercion:

"A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exists: * * *

"(b) Force or coercion is used to accomplish the sexual penetration. Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (v)." MCL 750.520d(1)(b); MSA 28.788(4)(1)(b).

CSC I is punishable by any term of years with a maximum of life in prison, MCL 750.520b(2); MSA 28.788(2)(2). CSC III is punishable by a prison term of up to 15 years, MCL 750.520d(2); MSA 28.788(4)(2).

Defendant argues that the above provisos prohibit the same offense; that the factual proofs

necessary to prove a CSC I are indistinguishable from those necessary to support CSC III where force or coercion are allegedly used. Thus, argues defendant, because the above provisos are identical, the prosecutor is given unbridled discretion as to which of the two crimes will be charged. Defendant argues that this unbridled discretion violates his right to due process and equal protection of the law.

A reading of the above statutory provisions shows that § 520d(1)(b) does include two of the same elements of a § 520b(1)(d)(ii) offense: (1) penetration and (2) use of force or coercion. However, § 520b(1)(d)(ii) adds another necessary element of proof: that defendant was aided or abetted in the act by one or more persons. See Judge CYNAR's dissent in *People v Green,* 86 Mich App 142, 153-154; 272 NW2d 216 (1978).

Nevertheless, defendant argues that the additional aiding and abetting element is not dispositive. First, defendant argues that the trial court in this case found defendant guilty because of his direct actions and not because of the actions of another. Although we agree that in its findings of fact the trial court did not state which subsection of § 520b the defendant had violated, the evidence certainly supports a finding that defendant was aided and abetted by another. The complainant testified that before defendant sexually abused her in the rear seat of his car he asked the codefendant and driver of the car to hand him his knife because he was "about to kill that bitch". The codefendant complied.

Second, defendant argues that since the definition of force for purposes of § 520d(1)(b) is not inclusive, the aid of another, or for that matter the possession of a weapon, § 520b(1)(e), can properly

be included as a means of force or coercion within the meaning of § 520d(1)(b).

While arguably the aid of another or possession of a weapon during a sexual abuse could be included as a means of force or coercion under § 520d(1)(b), and defendant could have been charged with CSC III, the prosecutor was not precluded from charging defendant with CSC I. A violation under § 520d(1)(b) occurred regardless of whether the force or coercion occurred by way of an accomplice or by possession of a weapon. However, when the facts of a case indicate that those additional elements are present, the facts will support a conviction of CSC I as well. See *People v Ford,* 417 Mich 66, 80; 331 NW2d 878 (1982). It is logical to conclude that the Legislature intended CSC I to apply when the perpetrator is aided or abetted by another or possesses a weapon. Those additional elements make the sexual assault more reprehensible, *Ford, supra,* pp 81, 104. Sexual assault aided by one or more other persons or with the possession of a weapon increases the potential danger to the victim as well as decreases the possibility of escape. We find § 520b(1), subds (d)(ii) or (e), and § 520d(1)(b) of the criminal sexual conduct statute to be distinct statutory crimes, so intended by the Legislature. See *Ford, supra,* p 94.

We also find that the prosecution did not abuse its discretion by prosecuting defendant as a CSC I offender. Prosecutorial discretion is abused when it is applied arbitrarily or in a discriminatory fashion. *Ford,* p 84. The facts of this case do not support a finding of such arbitrariness or invidious discrimination. Defendant and his codefendant abducted the complainant while she was a pedestrian and forced her into defendant's automobile. While she was forced to lie on the floor near the rear

seat of the car, defendant took her jewelry from her person and took her money. Defendant proceeded to disrobe the complainant after brandishing a knife and forcefully engaged in sexual intercourse with her. He then invited his codefendant to do the same, and the codefendant accepted and committed a second sexual abuse.

Finally, we find no merit in defendant's argument that the prosecutor could have charged him with CSC III pursuant to the general aiding and abetting statute, MCL 767.39; MSA 28.979. This argument misconstrues the clear intent of § 520b(1)(d). That provision prohibits criminal sexual conduct while aided and abetted by *another.*

Affirmed.