PEOPLE v ALLAN

Docket No. 90029. Submitted February 5, 1987, at Lansing. Decided March 3, 1987.

David Lee Allan was charged with and convicted of involuntary manslaughter, Jackson Circuit Court, James G. Fleming, J. The charges stemmed from an automobile accident where defendant, whose blood-alcohol level was 0.15 percent, crossed the centerline of the highway and hit an automobile driven by Karen Gauntlett, who was killed. Defendant appealed.

The Court of Appeals *held:*

The evidence was sufficient to support the conviction, the prosecutor did not abuse his discretion in charging defendant with involuntary manslaughter rather than negligent homicide and the prosecutor did not inject prejudicial religious innuendo into the sentencing hearing in responding to defendant's argument for leniency because he had rehabilitated himself through the help of the church.

1. The elements of gross negligence necessary to support a conviction of involuntary manslaughter are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) omitting to use such care and diligence to avert the threatened danger where, to the ordinary mind, it must be apparent that the result is likely to prove disastrous to another. There was sufficient evidence on each element.

2. A prosecutor has discretion over whether to prosecute and what charge to file. Before the exercise of the prosecutor's discretion will be disturbed, there must be a showing of clear and intentional discrimination based on an unjustifiable stan-

REFERENCES

Am Jur 2d, Evidence §§ 1080 *et seq.*

Am Jur 2d, Homicide §§ 91 *et seq.*

Am Jur 2d, Prosecuting Attorneys §§ 23 *et seq.*

What amounts to negligence within meaning of statutes penalizing negligent homicide by operation of motor vehicle. 20 ALR3d 473.

See also the annotations in the Index to Annotations under Evidence Rules; Prosecuting Attorneys.

dard such as race, religion, or some other arbitrary classification. There was no evidence that the prosecutor acted arbitrarily. The evidence supported the charge of involuntary manslaughter, not negligent homicide.

Affirmed.

1. CRIMINAL LAW — SUFFICIENCY OF EVIDENCE.

A court in reviewing the evidence for sufficiency to support a conviction must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt.

2. HOMICIDE — INVOLUNTARY MANSLAUGHTER.

The elements of gross negligence necessary to support a conviction of involuntary manslaughter are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) omitting to use such care and diligence to avert the threatened danger where, to the ordinary mind, it must be apparent that the result is likely to prove disastrous to another.

3. PROSECUTING ATTORNEYS — CHARGING FUNCTION — ABUSE OF DISCRETION.

A prosecutor has discretion over whether to prosecute and what charge to file; before the exercise of the prosecutor's discretion will be disturbed, there must be a showing of clear and intentional discrimination based on an unjustifiable standard such as race, religion, or some other arbitrary classification.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

*Richard D. Hitt,* for defendant on appeal.

Before: BEASLEY, P.J., and CYNAR and R. C. ANDERSON,* JJ.

PER CURIAM. Defendant was convicted by a jury

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of involuntary manslaughter. MCL 750.321; MSA 28.553. Following imposition of a sentence of from three to fifteen years in prison and with a recommendation of substance abuse counseling and participation in Alcoholics Anonymous, defendant appeals as of right. We affirm.

The charges against defendant arose out of an automobile accident around midnight on December 14, 1984, on M-60 in Jackson County. Defendant, who had a blood-alcohol level of 0.15 percent, crossed the centerline of the highway and hit an automobile driven by Karen Gauntlett, who died from her injuries.

Defendant alleges the evidence was not sufficient to support a conviction for involuntary manslaughter. We do not agree.

An allegation of insufficient evidence is reviewed by looking at the evidence in the light most favorable to the prosecution and then determining whether a rational trier of fact could find all of the essential elements were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979); *People v Ross,* 145 Mich App 483; 378 NW2d 517 (1985).

In *People v Pittinger,* 105 Mich App 736; 307 NW2d 715 (1981), the defendant was at a wedding reception where she was observed to have consumed one and one-half drinks from 6:15 P.M. to 7:20 P.M. Defendant left the reception at 7:20 P.M. She drove her car onto a snowbank and the car fell off the end of the snowbank onto another vehicle. The occupant of the other vehicle was killed. The arresting officer observed that defendant was unsteady on her feet. However, a person who was with defendant that evening said that she did not appear intoxicated, her speech was normal and she had no difficulty walking. A Breathalyzer

test showed defendant's blood-alcohol level to be 0.20 percent.

Defendant pled nolo contendere to involuntary manslaughter. This Court said that the facts were sufficient for a finding of guilt. First, this Court reiterated the elements of gross negligence necessary to support a conviction of involuntary manslaughter:

> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.
>
> (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.
>
> (3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [*Pittinger, supra,* p 741, citing *People v Orr,* 243 Mich 300, 307; 220 NW 777 (1928).]

*Pittinger* held that from the evidence presented "one could infer that defendant was driving in an intoxicated condition when the accident occurred. That inference permits a finding of gross negligence on the part of defendant." *Pittinger, supra,* p 741.

In the instant case, the first element of *Orr* is satisfied because the operation of an automobile requires the exercise of ordinary care and diligence. As in *Pittinger,* there is ample evidence that the second and third elements of *Orr* were met because defendant failed to use care to avert danger to others when it was apparent that the result could be disastrous. Defendant in the instant case had a blood-alcohol level of 0.15 percent. Although defendant's wife, their friend Barbara Wolf, and bar owner Ruby Rike all said that

defendant did not appear intoxicated, expert testimony indicated that an experienced drinker could control speech and movement, but reflexes and coordination would have deteriorated significantly at a blood-alcohol level of 0.15. That defendant was indeed an experienced drinker was evident from his wife's testimony that he drank six days per week, and she had seen him drunk many times. Additionally, people at the scene of the accident thought defendant was drunk.

Another indication, in this case, that defendant was too drunk to drive was the fact that he drove across the center line of the highway. The accident reconstructor was confident from the gouge marks in the road and the location of the cars that the point of impact was near the center of Karen Gauntlett's lane. There was also evidence indicating that defendant was fighting with his wife, Teresa, while he was driving. The fight caused him to pull off to the side of the road just a short distance before the scene of the accident. Teresa said that she may have even pushed or hit defendant at the time of the accident.

As in *Pittinger,* defendant could have averted the obvious danger to others. Teresa testified that, on other occasions when defendant was drunk, she would drive. While Teresa had also been drinking on the evening of December 14, it is possible that the danger to others would have been less if she drove. Also, in *Pittinger,* this Court said that the defendant could have accepted a friend's offer to drive her home or could have found an alternative way to get home. Likewise, the defendant in the instant case could have found an alternative way to get home.

There was competent evidence that defendant drove while drunk, engaged in a fight with his wife while driving and drove across the center line of

the highway. There was a basis for a rational factfinder to determine that defendant failed to use care and diligence to avoid an obviously serious danger to others. This satisfied the second element in *Orr*. Defendant also failed to avert the danger, which he could have done by not driving. This satisfied the third element of *Orr*. Under a similar factual situation in *Pittinger*, there was sufficient evidence to support a conviction of involuntary manslaughter.

Defendant argues that the prosecutor abused his discretion by charging defendant with involuntary manslaughter when the facts would support a charge of negligent homicide. This claim is without merit.

A prosecutor has discretion over whether to prosecute and what charge to file. *People v Monroe,* 127 Mich App 817; 339 NW2d 260 (1983). Before the prosecutor's discretion will be disturbed, there must be a showing of clear and intentional discrimination based on an unjustifiable standard such as race, religion, or some other arbitrary classification. *Monroe, supra,* p 819, citing *Oyler v Boles,* 368 US 448, 456; 82 S Ct 501; 7 L Ed 2d 446 (1962). Defendant makes no allegations nor presents any evidence that his prosecution for involuntary manslaughter was based on race, religion or some other arbitrary classification.

Defendant argues that under *People v Hurst,* 132 Mich App 148; 346 NW2d 601 (1984), a prosecutor's discretion is abused where the facts would support a charge under either of two statutes and discretion is applied in an arbitrary or discriminatory fashion. However, in *Hurst* this Court found that the charge against defendant for first-degree criminal sexual conduct, as opposed to third-degree criminal sexual conduct, was justified by the facts.

In the instant case, the negligent homicide statute, under which defendant claims he should have been charged, provides for punishment for the operation of a vehicle in a "careless, reckless or negligent manner, but not wilfully or wantonly." MCL 750.324; MSA 28.556. The manslaughter statute, however, takes its definition from common law. Involuntary manslaughter requires a finding of negligence that is gross, wanton, wilful or criminal. *Pittinger, supra.* Thus, as in *Hurst,* the two statutes under which defendant could have been prosecuted differ in that one prohibits conduct that is more culpable than the conduct prohibited by the other. The evidence in the instant case supports a charge of involuntary manslaughter rather than negligent homicide. There was sufficient evidence to show that defendant was grossly negligent rather than merely careless.

Defendant also contends that the prosecuting attorney injected prejudicial religious innuendo into the sentencing hearing, mandating reversal.

In the instant case, defense counsel argued for leniency in sentencing because defendant had rehabilitated himself through the help of a local church. In response, the prosecutor argued that defendant had not "humbled himself and found God" and that the court hears many people claim they "found God" after something tragic happens to them. Defendant made no objection to the remarks. It is not altogether clear that the attorneys' arguments were improper, since the sincerity of defendant's remorse and rehabilitation attempt could be relevant to sentencing. Furthermore, the prosecutor's argument merely responded to defense counsel's argument. The prosecutor's remarks do not support a finding of error which requires reversal.

Affirmed.