## PEOPLE v THINEL (ON REMAND)

Docket No. 103870. Submitted October 12, 1987, at Lansing. Decided December 7, 1987.

Paul E. Thinel was convicted of involuntary manslaughter by a jury in the Oakland Circuit Court. The trial court, Hilda R. Gage, J., sentenced defendant to from seven to fifteen years imprisonment. Defendant appealed and the Court of Appeals reversed on the basis of instructional error. 160 Mich App 450 (1987). The people appealed to the Supreme Court which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for a determination whether the instructional error was harmless. 429 Mich 859 (1987).

The Court of Appeals *held:*

1. The instructional error was harmless because of the overwhelming evidence of defendant's guilt. The error was not one which likely affected the verdict.

2. The verdict was not against the great weight of the evidence. Defendant's motion for a new trial was properly denied.

3. Defendant was not denied the effective assistance of counsel.

4. Error did not occur in regard to the sentencing of the defendant.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL — HARMLESS ERROR.

Instructional error by a trial court may be determined to be

REFERENCES

Am Jur 2d, Appeal and Error §§ 123-126, 646, 850-852, 867, 883.

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Am Jur 2d, Evidence §§ 1170-1172.

Am Jur 2d, New Trial §§ 139, 140.

Am Jur 2d, Trial §§ 604, 605.

Supreme Court's views as to what constitutes harmless errors or plain errors, under Rule 52 of Federal Rules of Criminal Procedure. 84 L Ed 2d 876

harmless error where there was overwhelming evidence of the defendant's guilt and the instructional error was not one which likely affected the verdict.

2. CRIMINAL LAW — EVIDENCE — APPEAL — SUFFICIENCY OF EVIDENCE.

The standard of review in a sufficiency of the evidence claim is whether a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

3. NEW TRIAL — PRESERVING QUESTION.

A losing party, to preserve the issue of a verdict being against the great weight of the evidence, must file a motion for a new trial; the standard of review of denial of such a motion is whether the trial court abused its discretion in denying the motion.

4. CRIMINAL LAW — SENTENCING GUIDELINES.

A trial court's departure from the sentencing guidelines may be upheld where the defendant's prior record and the tragic consequences of the criminal incident alone warrant such departure.

5. CRIMINAL LAW — APPEAL — SENTENCING.

A criminal defendant may request review of the exercise of a trial court's discretion in imposing sentence, but relief will be granted only where it is found that the trial court abused its discretion to the extent that the sentence shocks the conscience of the appellate court.

6. CRIMINAL LAW — SENTENCING GUIDELINES.

A trial court may consider factors already taken into consideration by the sentencing guidelines in determining to depart from the guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Patrick J. Brennan,* for defendant.

### ON REMAND

Before: HOOD, P.J., and BEASLEY and MACKENZIE, JJ.

HOOD, P.J. This case has been remanded to us by the Michigan Supreme Court for a determination of whether a jury instruction on gross negligence, which we found erroneous, was harmless. 429 Mich 859 (1987).

The facts of this case are set forth in our prior opinion, *People v Thinel*, 160 Mich App 450; 408 NW2d 474 (1987). Defendant was convicted of involuntary manslaughter, MCL 750.321; MSA 28.553, arising out of a traffic accident. While intoxicated, defendant attempted to make a left turn onto westbound Woodside Street in Royal Oak. His automobile struck Carla Anderson's automobile head-on, killing Ms. Anderson. A blood alcohol test revealed that defendant's blood-alcohol level was 0.23 percent at the time.

At trial, the court instructed the jury that it was gross negligence for a person to operate his automobile while under the influence of liquor. We reversed and remanded for a new trial on the ground that the instruction took the determination of gross negligence, an essential element of involuntary manslaughter, away from the jury. Citing *People v Reed*, 393 Mich 342; 224 NW2d 867 (1975), cert den 422 US 1044, 1048; 95 S Ct 2660, 2665; 45 L Ed 2d 696, 701 (1975), we reasoned that defendant had the right to have the jury decide whether all the elements of involuntary manslaughter had been established and that the harmless error rule did not apply to this instructional error. The Supreme Court remanded, stating that the harmless error rule is applicable, under *People v Woods*, 416 Mich 581; 331 NW2d 707 (1982), reh den 417 Mich 1113 (1983), cert den 462 US 1134; 103 S Ct 3116; 77 L Ed 2d 1370 (1983). In *Woods* and its companion case, *People v Alexander*, the Court applied the harmless error rule to instruc-

tional errors in two different contexts. In *Woods,* the defendants were charged with first-degree murder. In its instruction on implied malice, the trial court stated:

> "*Implied malice is where the law draws inferences and conclusions from the act itself.* For instance A meets B on the street. A is armed with a revolver. A takes the gun out of his pocket and shoots and kills B *without any provocation, without any explanation or justification.* This is a showing that this is done with malice. And it's said to be implied malice because *the law will imply the existence of malice from the very act itself,* from the circumstances under which it was committed.
>
> "The proof of either expressed or implied malice is all the law requires in order to have malice." [*Woods, supra,* 595-596.]

The Supreme Court stated that it was error to instruct that the law will imply malice from the unprovoked, inexcusable, unjustifiable killing of another. *Woods, supra,* 597. The Court then stated:

> Given that the instruction was erroneous, the issue becomes whether this error was harmless. The standard applied on appellate review is whether the error was prejudicial. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972).
>
> Under the facts of the immediate case, the defendants were not prejudiced by the erroneous instruction, for the testimony of Willie Lee Lewis, which must have been believed by the jury to find the defendants guilty as accomplices . . . , indicated acts of express malice. No acts supported or allowed the implication of malice; thus the instruction on implied malice was completely superfluous.
>
> \* \* \*
>
> A per se harmless error rule cannot be justified by quoting the general rule from cases such as

*People v Visel,* 275 Mich 77, 81; 265 NW 781 (1936), that a "[d]efendant has a right to have a [properly instructed] jury pass upon the evidence." Whether an instruction is reversible depends on whether it was prejudicial, and no reasoning or case law suggests that we should now discard that sound approach. [*Woods, supra,* 597-598, 600-601.]

In *Alexander,* the defendant was charged with second-degree murder after shooting the victim, her boyfriend, after an argument at the defendant's house. The defendant claimed the shooting was accidental. The trial court instructed the jury that people are presumed to intend the consequences of their acts. The Supreme Court held that this instruction was error, as it infringed upon the defendant's right to be found guilty of the crime beyond a reasonable doubt. *Id.,* 612-613. The Court then stated:

We must next determine whether the error was harmless beyond a reasonable doubt. "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt," by a showing that "the error complained of did not contribute to the verdict obtained." *Chapman v California,* 386 US 18, 24; 87 S Ct 824; 17 L Ed 2d 705 (1967). When the improper evidence is merely cumulative and the admissible evidence overwhelming, a constitutional error may be deemed harmless. *Harrington v California,* 395 US 250; 89 S Ct 1726; 23 L Ed 2d 284 (1969).

In the immediate case, the defendant was charged with and convicted of second-degree murder. Intent was an element of the offense. However, this essential element was directly disputed by the defendant, for one of her theories of defense was that the killing was accidental. Because the erroneous instruction allowed the shifting of the prosecutor's burden on a critical element of the

case, we cannot say that it did not contribute to the verdict obtained.

This conclusion is further supported by the lack of overwhelming evidence on the element of intent. [*Woods, supra,* 613-614.]

The Court went on to state that the evidence supported the defendant's theory of accident, and that, thus, the error was not harmless as the testimony on the defendant's intent was conflicting.

In the instant case, we find the instructional error to be harmless because of the overwhelming evidence of defendant's guilt. Defendant had a blood-alcohol level of 0.23 percent. At the accident site, defendant was staggering and incoherent. His eyes were bloodshot and watery, and he smelled of alcohol. He was verbally abusive to the police officers, and thought he was registering for classes at the police station. He did not know why his car was damaged. The accident reconstruction expert testified that defendant's car was struck by Ms. Anderson's vehicle when he made a left turn into her path under circumstances such that she had no time to apply her brakes. This case is not similar to *Alexander,* in which the crucial issue of intent was hotly disputed by the defendant. Rather, defendant in the instant case admitted drinking before driving and stated only that he thought he had enough distance to turn in front of Ms. Anderson. We feel that the instructional error was not one which likely affected the verdict.

Since we find the instructional error to be harmless, we must consider the other issues raised by defendant which were not addressed in our prior opinion. First, defendant claims that there was insufficient evidence that he committed involuntary manslaughter and that the jury's verdict was against the great weight of the evidence. The

standard of review in a sufficiency claim is whether a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), reh den 407 Mich 1164 (1980), cert den 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). *People v Ross,* 145 Mich App 483, 492; 378 NW2d 517 (1985). The crime of involuntary manslaughter is established if a defendant acts in a grossly negligent, wanton or reckless fashion in causing the death of another. *People v Harris,* 159 Mich App 401, 406; 406 NW2d 307 (1987). A finding of gross negligence for purposes of involuntary manslaughter requires:

> (1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.
> (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.
> (3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. [*People v Orr,* 243 Mich 300, 307; 220 NW 777 (1928).] [*Harris, supra,* 406.]

In *People v Allan,* 158 Mich App 472; 404 NW2d 266 (1987), this Court found sufficient evidence to convict the defendant of involuntary manslaughter under facts similar to those in the case at bar. The *Allan* defendant had a blood-alcohol level of 0.15 percent, crossed the center line of the highway, and hit the victim head-on. *Allan, supra,* 474, 476-477. After a review of all the evidence in the instant case, we likewise find that a reasonable juror could find the elements of involuntary manslaughter established beyond a reasonable doubt.

To preserve the issue of a verdict being against the great weight of the evidence, the losing party must file a motion for a new trial, and the standard of review is whether the court abused its discretion in denying the motion. *Ross, supra,* 493-494. Defendant in the instant case did file a motion for a new trial, setting forth many claims of error, including a great weight argument. We find that the evidence adduced at trial supports the trial court's decision that the verdict was not against the great weight of the evidence. Thus, we find no abuse of discretion.

Next, defendant claims that he was denied the effective assistance of counsel because his counsel failed to move for a directed verdict of acquittal on the grounds of insufficient evidence. However, since we have already determined that there was sufficient evidence to convict defendant of involuntary manslaughter, defendant's claim of ineffective assistance of counsel must fail. *People v Viaene,* 119 Mich App 690, 693-694; 326 NW2d 607 (1982); *People v Chinn,* 141 Mich App 92, 97-98; 366 NW2d 83 (1985), lv den 422 Mich 963 (1985).

The next three issues raised by defendant involve sentencing. Defendant was sentenced to seven to fifteen years imprisonment. According to the sentencing transcript, the probation department found defendant to fall within the C-2 sentencing guideline block, which results in a minimum sentence recommendation of thirty-six to eighty-four months, and the court found defendant to fall within the C-1 block, resulting in a recommended minimum of twelve to sixty months. The sentencing judge stated:

> I have exceeded the sentencing guidelines because of the defendant's actions in this case and because of his prior record and because of the

great tragedy that involved so many people and the Court believes in light of what happened with the department of corrections in any event the defendant will probably be released fairly early.

The judge did not explain what she meant by her comment regarding the Department of Corrections. On appeal, defendant argues that the court was referring to the Prison Overcrowding Emergency Powers Act, MCL 800.71 *et seq.;* MSA 28.1437(1) *et seq.,* and that this was an improper sentencing consideration, citing *People v Fleming,* 142 Mich App 119, 125-126; 369 NW2d 499 (1985), aff'd 428 Mich 408; 410 NW2d 266 (1987). In *Fleming,* this Court stated that it was improper for a sentencing court to use as one of its reasons for departure the Prison Overcrowding Emergency Powers Act. *Fleming, supra,* 125-126. We do not feel that resentencing is warranted in the instant case. In the instant case, the sentencing court stated it was departing from the guidelines for four reasons, defendant's actions, defendant's prior record, the tragedy of the incident, and the Department of Corrections' policy. First of all, it is unclear what policy the court was referring to. Secondly, the policy was clearly not a primary reason for departure, as it was in *Fleming.* We believe that defendant's prior record and the tragic consequences of the incident alone warranted departure.

We also disagree with defendant that his sentence of seven to fifteen years was an abuse of discretion. Defendant had a prior criminal record going back four years, including a conviction for assault. Defendant was on probation at the time of the accident, and admitted he had a substance abuse problem. The sentence does not shock our conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Finally, we disagree with defendant's contention that the sentencing court stated insufficient reasons for departure. To the extent that the court considered factors already taken into consideration by the guidelines, i.e., defendant's prior record, this is permitted. *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985).

The judgment of the circuit court is affirmed.