PEOPLE v JACKSON

Docket No. 72948. Submitted December 19, 1984, at Detroit.—Decided
   January 23, 1985. Leave to appeal applied for.

Jerry Jackson was convicted, following a bench trial, of involuntary manslaughter and child cruelty, Recorder's Court of Detroit, Justin C. Ravitz, J. Defendant appealed, alleging that the evidence of gross negligence was insufficient to support his conviction for manslaughter, that the trial court's findings were inadequate, that there was no evidence of specific intent to support the child cruelty conviction, and that the child cruelty statute is unconstitutionally vague. *Held:*

1. In order to support a charge of manslaughter, three necessary elements must be found: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, which situation is apparent to the ordinary mind; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. The evidence was sufficient to support the conviction for manslaughter.

2. While it is not clear exactly how specific a trial court's findings must be in a bench trial, by even the most stringent requirements, the court's findings were adequate.

3. Specific intent on the part of a defendant is not required in order to sustain a conviction under Michigan's child cruelty statute.

4. A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 92, 93.
[2-4] 59 Am Jur 2d, Parent and Child § 24.
   Criminal liability for excessive or improper punishment inflicted on
   child by parent, teacher, or one in loco parentis. 89 ALR2d 396.
[4] 21 Am Jur 2d, Criminal Law § 15 *et seq.*
   73 Am Jur 2d, Statutes § 346.
[5] 5 Am Jur 2d, Statutes § 206.

unlimited discretion to determine whether an offense has been committed; and (3) its coverage is overbroad and impinges on First Amendment freedoms. The statute proscribing child cruelty is not unconstitutionally vague.

Affirmed.

1. HOMICIDE — MANSLAUGHTER — GROSS NEGLIGENCE.

In order to support a charge of manslaughter, three necessary elements must be found: (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, which situation is apparent to the ordinary mind; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; and (3) the omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.

2. CRIMINAL LAW — CHILD CRUELTY — CORPORAL PUNISHMENT — INTENT.

Specific evil intent on the part of a defendant is not required in order to sustain a conviction under Michigan's child cruelty statute (MCL 750.136; MSA 28.331).

3. CRIMINAL LAW — CHILD CRUELTY — CORPORAL PUNISHMENT — INTENT.

An unreasonable and severe corporal punishment, irrespective of the defendant's specific intent, will sustain a conviction under Michigan's child cruelty statute (MCL 750.136; MSA 28.331).

4. CRIMINAL LAW — CHILD CRUELTY — DUE PROCESS — STATUTES — VAGUENESS.

A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) its coverage is overbroad and impinges on First Amendment freedoms; the statute proscribing child cruelty is not unconstitutionally vague (MCL 750.136; MSA 28.331).

5. STATUTES — JUDICIAL CONSTRUCTION.

A statutory term which is not defined in the statute is to be given its ordinary meaning.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy

Chief, Civil and Appeals, and *Jan J. Raven,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter* and *Clory P. Uddyback),* for defendant on appeal.

Before: V. J. Brennan, P.J., and Cynar and C. W. Simon, Jr.,* JJ.

Cynar, J. Defendant was convicted of involuntary manslaughter, MCL 750.321; MSA 28.553, and child cruelty, MCL 750.136; MSA 28.331, after a bench trial. He was sentenced to from 5 to 15 years for manslaughter and from 32 months to 4 years for child cruelty. Defendant now appeals to this Court as of right.

Defendant's first claim is that the evidence of gross negligence is not sufficient to support his conviction for manslaughter. Gross negligence for the purpose of involuntary manslaughter is defined in *People v Orr,* 243 Mich 300, 307; 220 NW 777 (1928). The factors which must be shown are:

"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another.

"(2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand.

"(3) The omission to use such care and diligence to avert the threatened danger when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another." *Orr, supra,* p 307.

This does not require that defendant must be personally aware of the danger or that he knowingly and consciously created the danger. The test only requires the danger to be apparent to the ordinary mind. *Orr, supra,* p 307; *People v Sealy,*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

136 Mich App 168; 356 NW2d 614 (1984). Personal knowledge is not part of the test.

The record in this case shows that there was sufficient evidence to support the court's finding of gross negligence. The child was in defendant's care. It was a situation which required ordinary care and diligence. Defendant had the ability to exercise ordinary care. He failed to use ordinary care. He struck the child on the head with a hard object and shook the child so hard that the infant's brain was injured. The infant died because of swelling as a direct result of the trauma. The testimony supports a finding of gross negligence.

Defendant also claims that the trial court's findings do not satisfy GCR 1963, 517.1. It is not clear exactly how specific findings must be to satisfy GCR 1963, 517.1. Compare *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983), to *People v Taylor,* 133 Mich App 762; 350 NW2d 318 (1984), *lv gtd* 419 Mich 879 (1984). However, even under the more stringent requirements of *Davis, supra,* the findings by the able trial judge in this case were sufficient.

Defendant next claims that cruelty to children, MCL 750.136; MSA 28.331, is a specific intent crime. He suggests that, because specific intent to cruelly punish the victim was not shown, his conviction must be reversed. This contention is without merit. Case authorities indicate that the nature of the punishment, regardless of the intent, determines whether or not the crime of child cruelty has been committed. "It is sufficient to show that the punishment was cruel and unreasonably severe, and such as in its very nature would negative the idea of good faith on the part of the parent." *People v Green,* 155 Mich 524, 533; 119 NW 1087 (1909); *People v Alderette,* 132 Mich

App 351; 347 NW2d 229 (1984). Specific intent is not an element of the crime of child cruelty.

Defendant's final claim is that the phrase "cruelly and unlawfully punishes" in MCL 750.136; MSA 28.331 is unconstitutionally broad and impermissibly vague. A statute may be challenged for vagueness on three grounds:

"1. It does not provide fair notice of the conduct proscribed.
"2. It confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed.
"3. Its coverage is overbroad and impinges on First Amendment freedoms." *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976).

The statute provides fair notice of the conduct which is proscribed. A term not defined in a statute is given its ordinary meaning. *People v Webb,* 128 Mich App 721, 727; 341 NW2d 191 (1983); *People v Biegajski,* 122 Mich App 215; 332 NW2d 413 (1982), *lv den* 417 Mich 1080 (1983). "Punishment" and "cruelty" have plain, common and ordinary meanings readily and easily understandable to people of ordinary intelligence. *Cf., Webb, supra,* p 727; *Biegajski, supra,* p 227. The term "cruelly or unlawfully punishes" gives a person of ordinary intelligence fair and adequate notice of the conduct proscribed by the statute.

The statute does not confer unlimited, unstructured discretion to determine whether an offense has been committed. We look at the statute in light of the facts of the case at hand. *Howell, supra.* We note that this statute has been construed in other cases. *People v Loomis,* 161 Mich 651; 126 NW 985 (1910); *People v Ogg,* 26 Mich App 372; 182 NW2d 570 (1970); *People v Anderson,* 119 Mich App 325; 326 NW2d 499 (1982). Viewing

the statute in context of the cases construing the statute, we do not believe a trier of fact has unbridled discretion to determine whether the statute has been violated.

Finally, we cannot conclude that the statute is overly broad and impinges a constitutionally protected area. A parent's right to discipline a child is not absolute and inviolable. It is circumscribed by the welfare of the child. *Green, supra,* p 532.

Defendant's conviction is affirmed.