PEOPLE v HICKS

Docket Nos. 79914, 79566. Submitted December 11, 1985, at Grand Rapids.—Decided March 17, 1986. Leave to appeal applied for.

Following a joint jury trial in Otsego Circuit Court, defendants David Hicks and Mary H. Hicks were each convicted of two counts of cruelty to children. Defendant David Hicks thereafter pleaded guilty to a charge of being a habitual offender. The circuit court, William A. Porter, J., sentenced defendant David Hicks to from 3½ to 6 years in prison, and defendant Mary H. Hicks to 5 years probation, conditional upon serving 8 months in the county jail. The circuit court also ordered defendant Mary H. Hicks to pay $400 in court costs and to reimburse the county for attorney fees expended on her behalf. Both defendants appealed. The Court of Appeals consolidated their appeals. *Held:*

1. Clauses in the child cruelty statute, challenged by defendants as unconstitutional for vagueness, are constitutional. The statute: (1) provides fair notice of the conduct proscribed; (2) does not confer on a trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; and (3) has coverage which is not overbroad and does not impinge on a parent's fundamental right to discipline his child which is protected by the due process clauses of the United States and Michigan Constitutions.

2. The statute as applied to both defendants is constitutional. The record contained sufficient evidence from which the jury could have found and did find beyond a reasonable doubt that the conduct of defendant David Hicks went beyond the boundaries of normal, reasonable, and timely discipline and that the conduct of defendant Mary H. Hicks and her husband, defen-

REFERENCES

Am Jur 2d, Criminal Law §§ 525-534.

Am Jur 2d, Parent and Child §§ 5, 10, 24, 39-43, 151.

Validity and construction of penal statute prohibiting child abuse. 1 ALR4th 38.

Physical abuse of child by parent as ground for termination of parent's right to child. 53 ALR3d 605.

See also the annotations in the ALR3d/4th Quick Index under Parent and Child.

dant David Hicks, was habitual and went beyond the boundaries of reasonable discipline. Neither defendant was convicted for engaging in constitutionally protected behavior.

3. The circuit court did not abuse its discretion in admitting evidence of defendant David Hicks's prior convictions for larceny over $100 and false pretenses with intent to defraud for impeachment purposes. The prior convictions involved theft and dishonesty or false statement and the probative value of the evidence of those convictions outweighed any prejudicial effect. Therefore, under the Rules of Evidence they were admissible.

4. The circuit court impermissibly considered defendant David Hicks's refusal to admit guilt on the child cruelty counts when sentencing him. Therefore, although the Court of Appeals affirmed defendant David Hicks's conviction, his case was remanded for resentencing before a different judge.

5. Although defendant Mary H. Hicks did not raise a sentencing issue on appeal, the Court of Appeals' review of her sentencing proceedings indicated that although the circuit court intended to impose concurrent sentences, the sentences were imposed consecutively. Therefore, the Court of Appeals amended her sentences to concurrent terms.

Convictions affirmed.

1. Criminal Law — Child Cruelty — Statutes — Vagueness.

A criminal statute may be challenged for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; (3) its coverage is overbroad and impinges on First Amendment freedoms or constitutionally protected fundamental rights; the statute proscribing child cruelty is not unconstitutionally vague (MCL 750.136; MSA 28.331).

2. Parent and Child — Discipline — Constitutional Law.

A parent's fundamental right to discipline his child is protected by the due process clauses of the United States and Michigan Constitutions; a parent has a right to autonomy in the control and upbringing of his child; however, this right is not absolute and can never be used as a cloak for the exercise of malevolence (US Const, Am XIV, § 1; Const 1963, art 1, § 17).

3. Criminal Law — Parent and Child — Discipline.

A criminal statute may not, constitutionally, interfere with the right of a parent to administer normal, reasonable, and timely discipline to his child but may prohibit discipline that is not reasonable and timely.

4. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

A trial court has discretion in admitting evidence of a criminal defendant's prior convictions for impeachment purposes; that discretion requires the trial court to balance the probative value of the evidence of prior convictions against the prejudicial effect such evidence would have on the defendant.

5. CRIMINAL LAW — SENTENCING.

A sentencing court cannot base its sentence, even in part, on a defendant's refusal to admit guilt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Norman R. Hayes,* Prosecuting Attorney, and *Raymond O. Howd,* Assistant Attorney General, for plaintiff.

State Appellate Defender (by *James Krogsrud*), for defendants on appeal.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN,* JJ.

N. J. KAUFMAN, J. Defendant David Hicks was charged with two counts of cruelty to children, MCL 750.136; MSA 28.331, and with being a second felony offender, MCL 769.10; MSA 28.1082. David Hicks was tried jointly with his wife, defendant Mary Hicks, who was also charged with two counts of cruelty to children. On May 2, 1984, following a jury trial in Otsego County Circuit Court, both defendants were convicted as charged. After the jury verdicts, defendant David Hicks pled guilty to the habitual offender second charge. On May 18, 1984, defendant David Hicks was sentenced to from 3½ to 6 years in prison. On June 11, 1984, defendant Mary Hicks was sentenced to 5 years' probation, conditional upon serving 8 months in the county jail. She was also

---

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

directed to pay court costs of $400 and to repay the county for attorney fees expended on her behalf.[1] Both defendants appeal as of right.

On July 2, 1985, defendant David Hicks's motion to remand was granted by this Court, which also retained jurisdiction. On remand, the trial court denied defendant David Hicks's motion for a new trial. On October 23, 1985, this Court ordered consolidation of the instant appeals. (Docket No. 79566, David Hicks, and Docket No. 79914, Mary Hicks).

Defendant David Hicks argues that the clause in the cruelty to children statute, MCL 750.136; MSA 28.331, which reads "cruelly or unlawfully punishes" is unconstitutional because it is impermissibly vague. Defendant Mary Hicks argues that the clause in the cruelty to children statute, MCL 750.136; MSA 28.331, which reads "who habitually causes or permits the health of such child to be injured" is also impermissibly vague.

The cruelty to children statute, MCL 750.136; MSA 28.331, states:

"*Any parent* or guardian or person under whose protection any child may be, *who cruelly or unlawfully punishes,* or wilfully, unlawfully or negligently deprives of necessary food, clothing or shelter, or who wilfully abandons a child under 16 years of age, or *who habitually causes or permits the health of such child to be injured, his or her life endangered by exposure, want or other injury to his or her person,* or causes or permits

---

[1] In two separate sentencing orders entered on June 26, 1984, the trial court stated that defendant Mary Hicks was sentenced in accordance with the June 11, 1984, sentencing hearing.

Furthermore, on July 8, 1985, the trial court entered two separate orders amending defendant Mary Hicks's probation order to the effect that her attorney fees equaled $637.70. On December 10, 1984, the trial court further amended defendant Mary Hicks's probation order in case No. 83-951-2 to provide that defendant be released 11 days early and that such 11 days' imprisonment would be held in abeyance from day to day pending her conduct in the community.

him or her to engage in any occupation that will be likely to endanger his or her health, or deprave his or her morals or who habitually permits him or her to frequent public places for the purpose of begging or · receiving alms, or to frequent the company of or consort with reputed thieves or prostitutes, or by vicious training depraves the morals of such child, *shall, upon conviction, be deemed guilty of a felony."* (Emphasis added.)

A criminal statute may be challenged for vagueness on three grounds:

"1. It does not provide fair notice of the conduct proscribed.

"2. It confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed.

"3. Its coverage is overbroad and impinges on First Amendment freedoms." *People v Howell,* 396 Mich 16, 20; 238 NW2d 148 (1976).

See also *Woll v Attorney General,* 409 Mich 500; 297 NW2d 578 (1980); *Grayned v City of Rockford,* 408 US 104; 92 S Ct 2294; 33 L Ed 2d 222 (1972).

Even where a statute is vague on its face, reversal is not required where the statute can be narrowly construed and "where defendant's conduct falls within that proscribed by the properly construed statute". *People v Harbour,* 76 Mich App 552, 558; 257 NW2d 165 (1977), *lv den* 402 Mich 832 (1977).

First, to be constitutional, the contested phrase must give a person of ordinary intelligence notice of the conduct which will make him or her criminally liable. *United States v Harriss,* 347 US 612; 74 S Ct 808; 98 L Ed 989 (1954); *People v Dempster,* 396 Mich 700; 242 NW2d 381 (1976).

Second, the phrase must provide standards for

enforcing and administering the laws in order to ensure that enforcement is not arbitrary or discriminatory; basic policy decisions should not be delegated to policemen, judges, or juries for resolution on an ad hoc basis. *Grayned, supra.*

Third, the phrase may not be overbroad in that it prohibits constitutionally protected behavior. An overbroad statute is one which is likely to "chill" constitutionally protected behavior. *Broadrick v Oklahoma,* 413 US 601; 93 S Ct 2908; 37 L Ed 2d 830 (1973). Traditionally, the overbreadth doctrine is only associated with behavior protected by the First Amendment. However, the overbreadth doctrine applies to any state abridgement of constitutionally protected fundamental rights. *Detroit v Sanchez,* 18 Mich App 399; 171 NW2d 452 (1969); *Shelton v Tucker,* 364 US 479; 81 S Ct 247; 5 L Ed 2d 231 (1960).

In *People v Jackson,* 140 Mich App 283, 287; 364 NW2d 310 (1985), *lv den* 423 Mich 859 (1985), this Court found that the phrase "cruelly or unlawfully punishes" was not unconstitutionally overbroad or impermissibly vague. The *Jackson* Court stated:

"The statute provides fair notice of the conduct which is proscribed. A term not defined in a statute is given its ordinary meaning. *People v Webb,* 128 Mich App 721, 727; 341 NW2d 191 (1983); *People v Biegajski,* 122 Mich App 215; 332 NW2d 413 (1982), *lv den* 417 Mich 1080 (1983). 'Punishment' and 'cruelty' have plain, common and ordinary meanings readily and easily understandable to people of ordinary intelligence. *Cf., Webb, supra,* p 727; *Biegajski, supra,* p 227. The term 'cruelly or unlawfully punishes' gives a person of ordinary intelligence fair and adequate notice of the conduct proscribed by the statute.
   "The statute does not confer unlimited, unstructured discretion to determine whether an offense has been committed. We look at the statute in light of the facts of the case at hand. *Howell, supra.* We note that this

statute has been construed in other cases. *People v Loomis,* 161 Mich 651; 126 NW 985 (1910); *People v Ogg,* 26 Mich App 372; 182 NW2d 570 (1970); *People v Anderson,* 119 Mich App 325; 326 NW2d 499 (1982). Viewing the statute in context of the cases construing the statute, we do not believe a trier of fact has unbridled discretion to determine whether the statute has been violated.

"Finally, we cannot conclude that the statute is overly broad and impinges a constitutionally protected area. A parent's right to discipline a child is not absolute and inviolable. It is circumscribed by the welfare of the child. *Green, supra* [155 Mich 524, 532; 119 NW 1087 (1909)]." 140 Mich App 287.

Based on the *Jackson* case, we find defendant David Hicks's constitutional challenge to be without merit. Furthermore, the statutory phrase was not unconstitutional as applied in this case.

The fundamental right in the parent-child relationship is protected by the due process clauses of the United States and Michigan Constitutions, US Const, Am XIV, § 1; Const 1963, art 1, § 17. Parents have a right to autonomy in the control and upbringing of their children. *Reist v Bay Circuit Judge,* 396 Mich 326; 241 NW2d 55 (1976). However, this right is not absolute. *People v Alderete,* 132 Mich App 351; 347 NW2d 229 (1984). In *People v Green,* 155 Mich 524, 533; 119 NW 1087 (1909), the Supreme Court held:

"[I]t is the unquestionable right of parents and those in loco parentis to administer such reasonable and timely punishment as may be necessary to correct growing faults in young children; but this right can never be used as a cloak for the exercise of malevolence or the exhibition of unbridled passion on the part of the parent."

Therefore, a criminal statute may not, constitu-

tionally, interfere with the right of parents to administer normal (reasonable and timely) discipline to their children but such statute may prohibit discipline that is not reasonable and timely.

Our review of the record evidence leads us to conclude that the jury could have found and did find beyond a reasonable doubt that defendant David Hicks's conduct went beyond the boundaries of normal, reasonable, and timely discipline. Therefore, he was not convicted for engaging in constitutionally protected behavior.

We also reject defendant Mary Hicks's assertion that the clause "causes or permits the health of the child to be injured" is impermissibly vague.

Defendant Mary Hicks fails to recognize that the actual statutory phrase is "who *habitually* causes or permits the health of such child to be injured". It is the total phrase that must be evaluated for vagueness. In evaluating the contested portion of the statute in light of the criteria set forth in *Howell, supra,* the words of the phrase should be given their ordinary meaning. *People v Anderson,* 119 Mich App 325; 326 NW2d 499 (1982); *Jackson, supra.* The key word in the challenged phrase is "habitually". "Habitual" is defined in Webster's New Collegiate Dictionary as:

"1: having the nature of a habit: being in accordance with habit: CUSTOMARY 2: Doing, practicing, or acting in some manner by force of habit 3: Resorted to on a regular basis 4: Inherent in an individual."

We first point out that the reasoning behind the first requirement of notice as set forth in *Howell, supra,* is the idea that people are "free" to choose their own conduct; they may direct their own actions; and, therefore, they should be given the opportunity to know what conduct is unlawful.

*Grayned, supra.* The phrase in question gives notice to parents, including defendants, that causing or allowing a child's health or life to be endangered on a regular basis is prohibited behavior. In our opinion, the parent has the ability to choose between such prohibited or unlawful conduct and lawful conduct.

After applying the second *Howell* requirement to the contested phrase, it is our opinion that the disputed phrase does provide a guide and standard for the enforcement and administration of the law. Policemen, judges, and juries are not allowed to decide basic policy decisions on an ad hoc basis. The statute explicitly sets out the conduct which is prohibited, namely, causing or permitting a child's health to be injured. In addition, the statute requires that such conduct occur on a regular basis. Therefore, the statute provides a guide and the danger of arbitrary or discriminatory enforcement does not exist.

Third, the phrase is not overbroad. Overbreadth does not depend upon the particular facts at hand. A challenger does not have to show his innocence in order to attack a statute for overbreadth. *Woll, supra.*

If the phrase in question merely proscribed causing or permitting injury to the health of the child, we would agree with defendant Mary Hicks that normal discipline might be "chilled" through fear that such conduct was covered by the statute. However, the wording of the phrase in question provides that only *habitually* causing or permitting the child's health to be injured is proscribed. The word "habitually" protects the welfare of the child without prohibiting reasonable and timely discipline by the parent.

Defendant Mary Hicks also argues that the statute is unconstitutional as applied. Although

parental rights in disciplining their children are protected by the constitution, the record more than sufficiently bears evidence by which the jury could have found and did find beyond a reasonable doubt that the conduct by defendant Mary Hicks and her husband, defendant David Hicks, was habitual and went beyond the boundaries of reasonable discipline. Therefore, defendant Mary Hicks was not convicted for engaging in constitutionally protected behavior.

Defendant David Hicks's next argument is that the trial court abused its discretion in allowing evidence of two of his prior convictions to be introduced for impeachment purposes.

A trial court has discretion in deciding whether to admit or exclude evidence of a defendant's prior conviction for impeachment purposes. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The admissibility of evidence of prior convictions is governed by MRE 609(a).[2] In balancing the probative value against the prejudicial effect of admitting evidence of a prior conviction, the court must weigh three factors, which have been set forth in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978):

"(1) [T]he nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same

---

[2] "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination."

conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a 'bad man' or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?)."

On appeal, we consider whether the trial court recognized its discretion to decline to admit such evidence and whether the trial court's decision was so palpably and grossly violative of fact or logic as to amount to an abuse of discretion. *People v Holmes,* 132 Mich App 730, 740-741; 349 NW2d 230 (1984).

In the instant case, defendant David Hicks argues that the trial court abused its discretion in admitting evidence of defendant's prior convictions for larceny over $100, MCL 750.356; MSA 28.588, and false pretenses, MCL 750.218; MSA 28.415. Larceny over $100 is a felony offense involving theft. False pretenses, regardless of the amount of money or the value of the property obtained, is an offense involving dishonesty or false statement.[3] Therefore, under MRE 609(a)[4] both convictions are admissible.

Our review of the record reveals that there was no abuse of discretion here. The trial court properly applied the *Crawford* factors.

Defendant David Hicks's final claim is that he

[3] It is unclear from the record whether the defendant was convicted of false pretenses under $100 or over $100.

[4] See footnote 2.

should be resentenced because the trial court based defendant's sentence, in part, on defendant's refusal to admit guilt. The Supreme Court has stated that a court cannot base its sentence, even in part, on a defendant's refusal to admit guilt. *People v Yennoir,* 399 Mich 892; 282 NW2d 920 (1977). In the instant case, the trial court did consider defendant's refusal to admit guilt. Therefore, although we affirm defendant David Hicks's convictions, as in *Yennoir, supra,* we remand for resentencing before a different judge.

Although defendant Mary Hicks did not raise a sentencing issue, our review of the sentencing proceedings indicates that, although the trial court intended to impose concurrent sentences, the sentences were imposed consecutively. Therefore, pursuant to MCR 7.216(A)(4), we amend defendant Mary Hicks's orders of sentence dated June 11, 1984, *nunc pro tunc* to state concurrent rather than consecutive sentences.

Convictions affirmed and remanded for resentencing in Docket No. 79566; convictions affirmed in Docket No. 79914. We retain no further jurisdiction.