PEOPLE v TODD

Docket No. 123923. Submitted February 12, 1992, at Detroit. Decided October 19, 1992, at 9:45 A.M. In lieu of granting leave to appeal, the judgment of the Court of Appeals is vacated, and the case is remanded to that Court for reconsideration, 441 Mich 921.

Lola M. Todd was convicted, following a bench trial in the Recorder's Court for the City of Detroit, William L. Cahalan, J., of two counts of second-degree child abuse. She appealed, alleging that the evidence was insufficient to sustain her conviction.

The Court of Appeals *held:*·

1. Second-degree child abuse is not a specific intent crime; although a wilful failure to provide necessary food, clothing, or shelter or a wilful abandonment of a child is required, an intent to cause injury is not. Second-degree child abuse occurs where a person's omission causes serious· physical or mental harm to a child or where a person's reckless act causes serious physical harm to a child.

2. The evidence supports the conclusion that the defendant provided food for the children, but nevertheless failed to provide proper nourishment. There is no evidence that the failure to provide proper nourishment was wilful. The evidence was insufficient to support the defendant's conviction.

Reversed.

CRIMINAL LAW — SECOND-DEGREE CHILD ABUSE — INTENT.

Second-degree child abuse is not a specific intent crime; the statute requires a wilful failure to provide necessary food, clothing, or shelter or a wilful abandonment of a child, but does not require an intent to cause injury (MCL 750.136b[1][b],[3]; MSA 28.331[2][1][b],[3]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Infants § 16; Parent and Child § 14.

Validity and construction of penal statutes prohibiting child abuse. 1 ALR4th 38.

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Virginia J. Hazen,* Assistant Prosecuting Attorney, for the people.

*Paul F. Semperger,* for the defendant on appeal.

Before: DOCTOROFF, C.J., and M. J. KELLY and BRENNAN, JJ.

DOCTOROFF, C.J. Following a bench trial, defendant was convicted of two counts of second-degree child abuse, MCL 750.136b(3); MSA 28.331(2)(3), and was sentenced to five years' probation with the first nine months to be served in jail. Defendant claims that the evidence presented was insufficient to sustain her conviction. We reverse.

Defendant claims that a conviction of second-degree child abuse on the ground of omission requires proof of specific intent to fail to provide food, clothing, or shelter and that there was no evidence establishing defendant's specific intent.

MCL 750.136b(3); MSA 28.331(2)(3) provides:

> A person is guilty of child abuse in the second degree if the person's omission causes serious physical harm or serious mental harm to a child or if the person's reckless act causes serious physical harm to a child. Child abuse in the second degree is a felony punishable by imprisonment for not more than 4 years.

The statute defines "omission" as follows:

> "Omission" means a willful failure to provide the food, clothing, or shelter necessary for a child's welfare or the willful abandonment of a child. [MCL 750.136b(1)(b); MSA 28.331(2)(1)(b).]

Where a statute is clear and unambiguous, judicial construction or interpretation is precluded and this Court should not look beyond the ordinary meaning of the unambiguous language in giving effect to the statute. *People v Jones,* 190 Mich App 509, 512; 476 NW2d 646 (1991); *Wills v Iron Co Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990). Where construction is warranted, we must ascertain and give effect to the intent of the Legislature. *Jones, supra,* p 513. We must construe the child abuse statute according "to the fair import of [its] terms, to promote justice and to effect the objects of the law." MCL 750.2; MSA 28.192. If the statute provides its own glossary, the express meaning of the terms must be applied. *Harder v Harder,* 176 Mich App 589, 591; 440 NW2d 53 (1989).

Defendant contends that, because omission is defined as wilful failure, specific intent is required. "Wilful" is not defined in the statute, nor have we found any cases interpreting subsections 1(b) or 3 of the statute.

"[T]he distinction between specific intent and general intent crimes is that the former involve a particular criminal intent beyond the act done, while the latter involve merely the intent to do the physical act." *People v Beaudin,* 417 Mich 570, 573-574; 339 NW2d 461 (1983); *People v Langworthy,* 416 Mich 630, 639; 331 NW2d 171 (1982).

We begin by noting that the child abuse statute under which defendant was convicted was enacted in 1988 and repealed and replaced the child cruelty statute, MCL 750.136; MSA 28.331, and the child torture statute, MCL 750.136a; MSA 28.331(1). The child cruelty statute provided, in relevant part:

Any parent or guardian or person under whose

protection any child may be, who cruelly or unlawfully punishes, or wilfully, unlawfully or negligently deprives of necessary food, clothing or shelter . . . shall, upon conviction, be deemed guilty of a felony.

In cases in which the defendant was charged under a theory of cruel or unlawful punishment, this Court held that specific intent is not an element of the crime of child cruelty. *People v Jackson,* 140 Mich App 283, 286-287; 364 NW2d 310 (1985); *People v Alderete,* 132 Mich App 351, 353-358; 347 NW2d 229 (1984). See also *People v Kelley,* 433 Mich 882; 446 NW2d 821 (1989), rev'g 176 Mich App 219; 439 NW2d 315 (1989) (Michigan Supreme Court adopted dissenting opinion that child torture is not a specific intent crime.)

The statute enacted in 1988 established four degrees of child abuse. First-degree child abuse is the knowing or intentional causing of serious physical or mental harm to a child. MCL 750.136b(2); MSA 28.331(2)(2). Second-degree child abuse is committed where a person's omission causes serious physical or mental harm or where a person's reckless act causes serious physical harm to a child. MCL 750.136b(3); MSA 28.331(2)(3). Third-degree child abuse is the knowing or intentional causing of physical harm to a child. MCL 750.136b(4); MSA 28.331(2)(4). Fourth-degree child abuse occurs where a person's omission or reckless act causes physical harm to a child. MCL 750.136b(5); MSA 28.331(2)(5).

Although no published cases have interpreted the statute, the committee on the criminal jury instructions has concluded that first- and third-degree child abuse are specific intent crimes and that second- and fourth-degree child abuse may be specific intent crimes when based on an omission

and general intent crimes when based on a reckless act. The committee also stated that "the specific intent required would be the willful failure to provide or the willful abandonment; the statutes [sic] do not seem to require a willful intent to cause injury for second and fourth-degree child abuse." CJI2d 17.18, p 17-38.

We agree that first- and third-degree child abuse are specific intent crimes. The language of the statute clearly requires the doing of an act with intent to cause physical or mental harm. We conclude, however, that second-degree child abuse is not a specific intent crime. As recognized by the CJI committee, the language of the statute requires wilful failure to provide or wilful abandonment and does not require intent to cause injury. The statute does not require a particular intent beyond the wilful failure to provide food, clothing, or shelter or the abandonment of a child.

Furthermore, the purpose of the statute is to protect children. That purpose would be frustrated by a finding that specific intent is an element of all degrees of child abuse with the exception of second- and fourth-degree when based on a reckless act.

Having determined that second-degree child abuse is not a specific intent crime, we now turn to defendant's claim that the evidence is insufficient to support her conviction.

When reviewing a challenge to the sufficiency of evidence, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 269; 380 NW2d 11 (1985).

When viewed in a light most favorable to the prosecution, the evidence supports the conclusion

that defendant provided food for the children, but nevertheless failed to properly nourish the children. There was no direct evidence that defendant's failure to properly nourish the children was wilful, nor does the evidence support such an inference. Thus, the evidence was insufficient to support defendant's conviction. Accordingly, we reverse defendant's conviction of second-degree child abuse.

Having determined that there was insufficient evidence that defendant wilfully failed to provide food for the children, we need not discuss defendant's claim that the evidence was insufficient to establish that her omission caused serious physical harm to the children.

Reversed.