PEOPLE v TODD (ON REMAND)

Docket No. 161268. Submitted February 12, 1993, at Lansing. Decided August 16, 1993, at 9:35 A.M. Leave to appeal sought.

Lola M. Todd was convicted after a bench trial in the Detroit Recorder's Court, William L. Cahalan, J., of two counts of second-degree child abuse. The Court of Appeals, DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ., reversed, concluding that the prosecution had failed to present sufficient evidence of wilful malnourishment of the children involved. 196 Mich App 357 (1992). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of *People v Wolfe,* 440 Mich 508 (1993). 441 Mich 1201 (1993).

On remand, the Court of Appeals *held:*

Viewing all the evidence presented in a light most favorable to the prosecution, and resolving any factual dispute in favor of the prosecution, there is still no direct or circumstantial evidence on the record that would permit any rational trier of fact to conclude that the defendant had wilfully failed to nourish the children.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

*Paul F. Semperger,* for the defendant on appeal.

ON REMAND

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

DOCTOROFF, C.J. This matter was returned to us by our Supreme Court for reconsideration of our previously released opinion in light of *People v Wolfe,* 440 Mich 508; 489 NW2d 748 (1993).[1] In that opinion, we reversed defendant's convictions of two counts of second-degree child abuse, MCL 750.136b(3); MSA 28.331(2)(3), having concluded that the prosecution failed to present sufficient evidence to permit a rational trier of fact to find that the element of wilful malnourishment of the children at issue had been proven beyond a reasonable doubt. *People v Todd,* 196 Mich App 357, 362; 492 NW2d 521 (1992). We have once again reviewed the evidence and the issue presented in light of *Wolfe, supra,* and in light of the supplemental briefs filed after remand, and conclude that a different result is not warranted.

Viewing all the evidence presented in a light most favorable to the prosecution, and resolving any factual dispute in favor of the prosecution, we are still unable to find any direct or circumstantial evidence on the record that would permit any rational trier of fact to conclude that defendant had wilfully failed to properly nourish her grandchildren. See *Wolfe, supra* at 514-515. Accordingly, we once again reverse defendant's convictions because the prosecution failed to present sufficient evidence.

Reversed.

---

[1] *People v Todd,* 441 Mich 922 (1993).