*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GEMIA TENISE TEACHEY,

Defendant-Appellant.

UNPUBLISHED
April 16, 2026
10:41 AM

No. 372741
Wayne Circuit Court
LC No. 23-004922-01-FH

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Defendant was charged and convicted of discharging a weapon causing injury and felony-firearm after an altercation with her ex-boyfriend at his work. Defendant now appeals, arguing that there were reversible errors involving the evidence, jury instructions, and trial counsel's assistance. Because defendant has not shown that she is entitled to a new trial, we affirm.

## I. BACKGROUND

Defendant and her friend confronted defendant's ex-boyfriend, Jermon Gilmore, about money allegedly owed to defendant. The confrontation occurred at Gilmore's place of work, a smoke shop, and was captured by surveillance video. While inside the smoke shop, defendant shattered glassware and attempted to hit Gilmore with an umbrella. Gilmore eventually wrapped his arms around defendant and forcefully removed her from the smoke shop, before closing and locking the front door. Defendant walked back toward the smoke shop, removed a handgun from her purse, and shot a single round at Gilmore through the locked door. Defendant then tried to open the door before Gilmore and defendant began shooting at one another.

Defendant was arrested and charged with discharging a firearm into a building causing injury, MCL 750.234b(3), and carrying a firearm during the commission of a felony, MCL 750.227b. At trial, defendant claimed self-defense, and the jury was given a general jury instruction about self-defense. For defendant's testimony, the trial court precluded her from testifying about her knowledge of Gilmore's prior murder conviction from 1997 but allowed her to testify about her knowledge that Gilmore physically assaulted a woman at the smoke shop and kept a firearm at work. The trial court declared Gilmore unavailable for trial. The officer in charge

of the case testified that she tried to locate Gilmore at several known addresses, a known employer, and local hospitals, but was unable to make contact with him. The trial court found that due diligence had been established.

After hearing testimony and viewing the surveillance video of the incident, the jury found defendant guilty on both counts. Defendant moved for a new trial or an evidentiary hearing in the trial court, claiming inability to present a full defense, ineffective assistance of counsel, and insufficient evidence to support her convictions. The trial court denied defendant's motion. Defendant also moved to remand this case in this Court under the same basis, which we denied without prejudice. *People v Teachey*, unpublished order of the Court of Appeals, entered December 15, 2025 (Docket No. 372741). This appeal followed.

II. ANALYSIS

A. PRIOR MURDER CONVICTION

On appeal, defendant argues that the trial court impeded her self-defense claim because she was prevented from testifying about her knowledge of Gilmore's prior murder conviction. For the trial court's decision regarding admissibility of evidence, we review for an abuse of discretion— whether its decision was outside the range of principled outcomes. *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014). Whether defendant was denied a fair trial or deprived of her liberty without due process of law are issues we review de novo. *People v Steele*, 283 Mich App 472, 478; 769 NW2d 256 (2009). Although a criminal defendant has a right to present a complete defense, that right is not unlimited and is subject to reasonable restrictions. *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012). Preserved evidentiary challenges are reviewed for harmless error, and defendant bears the burden of demonstrating "that it is more probable than not that the error was outcome determinative." *People v Propp*, 340 Mich App 652, 661-662; 987 NW2d 888 (2022).

A requirement for a self-defense claim is that defendant honestly and reasonably believed that the use of deadly force was necessary to prevent imminent death or great bodily harm. *People v Dupree*, 486 Mich 693, 707; 788 NW2d 399 (2010). Although generally a person's character is not admissible, a person's character or character trait may be proven by relevant specific instances of the person's conduct if the character trait is an essential element of a defense. MRE 405(b). Evidence of the alleged victim's specific acts of violence if known to defendant is admissible "to prove an essential element of self-defense, such as a reasonable apprehension of harm." *People v Edwards*, 328 Mich App 29, 37; 935 NW2d 419 (2019).

Even assuming without deciding that the trial court erred in not allowing evidence of Gilmore's prior murder conviction, defendant still had the opportunity to present a complete defense. Defendant was permitted to testify about Gilmore's other prior violent encounters and his firearm that he kept at work. Moreover, the record shows that defendant's self-defense claim did not fail because she was prevented from introducing evidence of Gilmore's prior murder conviction, but rather because she could not meet the elements of self-defense. In addition to showing reasonable apprehension of harm, defendant needed to show that during the altercation, she was not engaged in the commission of a crime and had the legal right to be there with no duty to retreat. The jury was shown surveillance footage showing defendant shooting at Gilmore

through a locked door, without any apparent threat, and with the ability to remove herself from the situation. This video was fatal to her self-defense claim, even in the absence of testimony concerning Gilmore's prior murder conviction. Defendant failed to establish that she was prejudiced by the trial court's decision to preclude Gilmore's prior murder conviction, and therefore any error was harmless.

## B. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that her convictions were not supported by sufficient evidence and were against the great weight of the evidence, contending that the prosecutor failed to rebut the evidence supporting her self-defense claim. We review de novo a challenge to the sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecutor and drawing reasonable inferences and making credibility choices in support of the jury verdict. *People v Savage*, 327 Mich App 604, 613-614; 935 NW2d 69 (2019). We review for an abuse of discretion a trial court's decision to deny a defendant a new trial based on the verdict being against the great weight of the evidence. *People v Thinel*, 164 Mich App 717, 724; 417 NW2d 585 (1987).

Here, sufficient evidence supported defendant's conviction of discharging a firearm at a building causing injury. Defendant fired her handgun into the smoke shop causing injury to Gilmore while knowing that Gilmore was inside, indicating that defendant intentionally fired into an occupied building.

Defendant claims that the prosecutor did not rebut the evidence supporting defendant's self-defense claim. If a defendant raises self-defense and produces some evidence to establish such defense, then the prosecutor must exclude the possibility of self-defense beyond a reasonable doubt. *People v Stevens*, 306 Mich App 620, 630; 858 NW2d 98 (2014). Here, the prosecutor produced sufficient evidence to exclude self-defense: the surveillance video. Again, the video showed defendant with the ability to leave and a lack of reasonable apprehension of harm, thereby undermining her claim of self-defense.

In addition to the firearm-discharge conviction, defendant's felony-firearm conviction was supported by sufficient evidence. For felony-firearm, defendant must have possessed a firearm during the commission of or attempt to commit a felony. Sufficient evidence was set forth to convict defendant of the firearm discharge and therefore, sufficient evidence was established for the felony-firearm conviction. Similarly, the verdicts on both charges were not against the great weight of the evidence.

## C. MISSING WITNESS INSTRUCTION

Defendant next argues that the trial court abused its discretion by not instructing the jury on M Crim JI 5.12 because the prosecutor did not engage in due diligence to ensure Gilmore's presence at trial. We review for an abuse of discretion the trial court's determination of the appropriateness of a missing-witness instruction and whether the prosecutor exercised due diligence to produce a witness that it endorsed. *People v Eccles*, 260 Mich App 379, 389; 677 NW2d 76 (2004). M Crim JI 5.12 allows the jury to infer that an absent witness's testimony would have been unfavorable to the prosecutor's case. *People v Everett*, 318 Mich App 511, 527; 899

NW2d 94 (2017). Such instruction should be given if the trial court finds that the prosecutor did not exercise due diligence in producing an endorsed witness. *Eccles*, 260 Mich App at 388.

Here, the trial court did not abuse its discretion by finding that the prosecutor used due diligence to ensure Gilmore's presence at trial. The prosecutor provided testimony that an officer visited two of Gilmore's last known addresses on approximately three occasions and attempted to contact his last known employer. Attempts to speak to Gilmore on the phone and inquiries into hospitals also failed to uncover Gilmore's whereabouts. It was not unreasonable for the trial court to find that the prosecutor exercised due diligence based on this evidence. Defendant argues on appeal that the prosecutor could have contacted Gilmore's family and friends to determine his whereabouts, but due diligence is the attempt to do everything reasonable, not everything possible, to obtain the presence of a witness. *Eccles*, 260 Mich App at 391. Thus, because the trial court did not abuse its discretion by determining Gilmore was unavailable for trial, the trial court correctly declined to instruct the jury under M Crim JI 5.12, and defendant is not entitled to a new trial on this basis.

### D. INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, defendant argues that she is entitled to a new trial or an evidentiary hearing because her trial counsel rendered ineffective assistance. For a claim of ineffective assistance of counsel, we review de novo questions of constitutional law and review for clear error factual findings. *People v Spaulding*, 332 Mich App 638, 655-656; 957 NW2d 843 (2020). The trial court committed clear error if we are left with the "definite and firm conviction that a mistake has been made." *People v Tardy*, 348 Mich App 500, 509; 19 NW3d 164 (2023).

To establish a claim of ineffective assistance of counsel, defendant must show that her trial counsel's performance was (1) deficient, i.e., fell below an objective standard of professional reasonableness, and (2) prejudiced the defense such that "it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different." *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010). Defendant "must overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003).

Defendant argues that her trial counsel was ineffective by not preparing defendant to testify, not providing defendant with discovery, and not contacting a known witness. Decisions regarding how to prepare for trial and witnesses are matters of trial strategy, and the Court "does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012); *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

The record indicates that defendant's counsel elicited testimony to support defendant's self-defense claim, such as her knowledge of Gilmore's prior violent acts and possession of a firearm at work, which is evidence of adequate trial preparation. Even if this preparation was not to the extent desired by defendant, defendant failed to specify what testimony she would have presented at trial had she been provided with further preparation or discovery. Further, defendant's self-defense claim still would have failed even with additional trial preparation and the friend's testimony about Gilmore pointing a gun because the surveillance footage capturing the incident

remains fatal to her defense. Therefore, defendant's trial counsel did not perform objectively unreasonable in deciding how to prepare for defendant's trial. Furthermore, defendant cannot establish that her trial counsel's performance caused her prejudice because it is not reasonable to conclude that the jury would have reached a different result at trial, given the damning surveillance footage that was played to the jury.

Defendant further claims ineffective assistance because counsel did not request that the jury be instructed on M Crim JI 7.23(1) which relates to defendant's fear based on the alleged victim's prior violent acts. Although the exact language of that jury instruction was not provided, the jury was given the general self-defense jury instruction including consideration of "whether the Defendant knew about any previous violent acts or threats made by the other person," when determining if defendant was afraid of death or serious physical injury. The general instruction encompassed the specific instruction now being requested, and defendant has failed to show a reasonable probability that her self-defense claim would have failed with the more specific jury instruction. Defendant also argues that trial counsel was ineffective for not requesting M Crim JI 11.34c, which provides that self-defense is a valid defense to a felony-firearm charge. But because defendant failed to prove self-defense to the primary charge of discharging a weapon into a building causing injury, defendant was not prejudiced by the lack of a self-defense instruction specific to felony firearm. Defendant has failed to prove ineffective assistance of counsel and therefore is not entitled to a new trial, nor has she shown grounds for a *Ginther*[1] hearing.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).